**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ERIK ZELISKI, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:26-cv-123 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| KENITHA DROKE and MARK GRACIA, | ) | Magistrate Judge Dumitru |
| | ) | |
| *Defendants.* | ) | |

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

On August 24, 2026, United States Magistrate Judge Michael J. Dumitru issued a Report and Recommendation ("R&R") [Doc. 7] recommending that this case be dismissed and Plaintiff's IFP application [Doc. 1] be denied as moot. Plaintiff timely objected to the Magistrate Judge's R&R. [Doc. 8]. For the following reasons, Plaintiff's Objections [Doc. 8] are **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation [Doc. 7]. This case will be **DISMISSED**, and Plaintiff's IFP Application [Doc. 1] will be **DENIED AS MOOT**.

### I. STANDARD OF REVIEW

A court must conduct a de novo review of those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (noting that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'"

*Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

Plaintiff has raised four distinct objections to the R&R. [Doc. 8]. First, Plaintiff objects to the Magistrate Judge's finding that Defendant Droke is entitled to quasi-judicial immunity from liability for actions taken in her role as a probation officer. [*Id.* at 2–4]. Second, Plaintiff argues that if Defendant Droke is not entitled to quasi-judicial immunity, the Court must perform a substantive analysis of his malicious prosecution claim. [*Id.* at 4–9]. Third, Plaintiff asserts that the Magistrate Judge misconstrued his due process claim against Defendants as a "TBI-removal claim" rather than a "personal-enforcement theory" claim. [*Id.* at 9–11]. Finally, Plaintiff requests leave to amend his Complaint to cure any deficiencies if the Court finds dismissal appropriate. [*Id.* at 12–13].

Importantly, Defendant does not object to the Magistrate Judge's proposed findings of fact, only to the implications that arise from them. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (internal citations omitted)). Since there are no particularized objections to the facts for the Court to review, this Court adopts and incorporates the proposed findings of fact contained in the R&R.[1]

### A. First Objection: Quasi-Judicial Immunity

Plaintiff's first objection is to the Magistrate Judge's finding that Defendant Droke is entitled to quasi-judicial immunity based on the face of the Complaint. [Doc. 8 at 2–4].

[1] An in-depth discussion of the facts in this case can be found in the "Background" section of the R&R. [*See* Doc. 7 at 3–5].

Specifically, Plaintiff maintains that the Magistrate Judge improperly found immunity to apply based on Defendant Droke's role as a probation officer rather than the specific function she performed. [*Id.*]. The Court, however, disagrees.

The Magistrate Judge found that Defendant Droke is entitled to quasi-judicial immunity based on the allegations in Plaintiff's Complaint. [Doc. 7 at 6]. As the Magistrate Judge discussed in the R&R, Defendant Droke—as Plaintiff's probation officer—assumed supervision over Plaintiff and monitored whether he remained in compliance with the requirements of Tennessee's sex offender registry ("SOR"). [Doc. 2 at PageID #11; Doc. 2-1 at Page ID # 24 & 43; *see also* Doc. 7 at 3]. Plaintiff's allegations against Defendant Droke primarily pertain to her duties as a probation officer, including a search of Plaintiff's residence and property, investigations into Plaintiff, the filing of an affidavit that led to the arrest of Plaintiff for SOR violations, and testimony given at a grand jury proceeding relating to Plaintiff's SOR violations. [Doc. 2 at PageID #12–16].

"The Sixth Circuit has ruled that a probation officer performing duties to ensure that a probationer is complying with the terms of his or her probation is entitled to absolute, quasi-judicial immunity from liability in a civil rights action." *Van Jenkins v. Mich. Dep't of Corr.*, No. 5:14-cv-11812, 2015 U.S. Dist. LEXIS 119074, at *16 (E.D. Mich. July 29, 2015) (citing *Loggins v. Franklin Co., Ohio*, 218 F. App'x 466, 476–77 (6th Cir. 2007)). And while Plaintiff is correct that immunity is a functional inquiry, courts routinely dismiss claims asserted against probation officers where the allegations in the complaint are clear that they were performing a quasi-judicial function. *Murry v. Oakland Co. Prob.*, No. 2:09-cv-11395, 2009 U.S. Dist. LEXIS 35859, at *8–9 (E.D. Mich. Apr. 29, 2009) (sua sponte dismissing plaintiff's claim against a probation officer pursuant to § 1915 on the basis of quasi-judicial immunity); *Hugger v. Bogen*, 503 F. App'x 455,

461 (6th Cir. 2012) (finding a probation officer is entitled to quasi-judicial immunity when performing a judicial function such as determining the occurrence of a probation violation at the motion to dismiss stage).

Here, the allegations in the Complaint primarily pertain to Defendant Droke's actions in "determine[ing] whether [Plaintiff was] complying with the terms of his [SOR requirements]." *Van Jenkins*, 2015 U.S. Dist. LEXIS 119074, at *17 (cleaned up). In addition, her testimony to the grand jury and affidavit submitted against Plaintiff in the Polk County General Sessions Court were all for the purpose of presenting information to the state court and advocating for a finding that Plaintiff had violated the terms of his SOR. *See Kizer v. Gordon*, No. 3:12-cv-846, 2012 U.S. Dist. LEXIS 143027, at *8–9 (M.D.Tenn. Oct. 3, 2012) ("Thus, to the extent the plaintiff's claims against Parker arise from Parke's presentation of information to the state court and advocating for a finding that the plaintiff had violated the terms of his probation, Parker is entitled to immunity because he was functioning as a probation officer in performing those activities."). Based on the allegations in the Complaint, it is abundantly clear that Defendant Droke was performing "quasi-judicial function[s]" and is therefore entitled to immunity. *Balas v. Leishman-Donaldson*, No. 91-4073, 1992 U.S. App. LEXIS 22411, at *15–16 (6th Cir. 1992).

Accordingly, Plaintiff has failed to state a claim against Defendant Droke.

**B. Second Objection: Malicious Prosecution Claim**

Plaintiff's second objection argues that if Defendant Droke was not entitled to judicial immunity then the Court should have performed a substantive analysis of his malicious prosecution claim. The Court, however, found that Defendant Droke is entitled to judicial immunity. Consequently, Plaintiff's malicious prosecution claim fails as a matter of law, and the Court need not perform a substantive analysis of the claim.

### C. Third Objection: Plaintiff's Due Process Claim

Plaintiff next objects to the way the Magistrate Judge construed his due process claim against both Defendants. [Doc. 8 at 9–12]. Based on Plaintiff's allegation that Defendants violated his due process rights by "allow[ing] the continued enforcement of [SOR] restrictions after [his] legal obligation to comply with such requirements had been terminated by court order," the Magistrate Judge construed his claim to be based on Defendants' failure to effectuate the removal of Plaintiff's name from the SOR. [Doc. 2 at PageID #18–19; Doc. 7 at 7–8]. Since Defendants have no authority to remove Plaintiff's name from the SOR, the Magistrate Judge reasoned that Plaintiff had failed to state a valid claim against Defendants. [Doc. 7 at 7–8]. In response, Plaintiff argues that his claim was really based on Defendants "personal enforcement of [the SOR] restrictions" rather than their failure to remove his name. [Doc. 8 at 9–12].

To begin, the Court agrees with the Magistrate Judge's finding that the gravamen of Plaintiff's claim appears to be Defendant's failure to effectuate the removal of his name from the SOR. Plaintiff first alleges that Defendants violated his rights by allegedly improperly "allow[ing] the continued enforcement of [the SOR] restrictions." [Doc. 2 at PageID #18–19]. He then goes onto allege that Defendants imposed the SOR restrictions "without any legal authority" and had "no legal obligation to comply with SOR requirements." [*Id.*]. But Tennessee law dictates that the Tennessee Bureau of Investigation ("TBI") is responsible for removing "an offender's name from the SOR and notifying the offender that the offender is no longer required to comply with this part[.]" Tenn. Code Ann. § 40-39-207(c). As the Magistrate Judge correctly points out, the process is triggered by an offender's filing "a request for termination of registration requirements with TBI headquarters in Nashville." *Id.* § (a)(1). Defendants, as Plaintiff's probation officers, had no authority to remove Plaintiff's name from the SOR or cease monitoring his compliance with it

until TBI removed his name after a properly submitted petition. And there are no allegations in the Complaint alleging that Plaintiff submitted any such petition. Therefore, the Court agrees with the Magistrate Judge's finding that Plaintiff has not asserted a valid due process claim against Defendant.

Even if Plaintiff's due process claims are based on Defendants "personal enforcement of [the SOR] restrictions" rather than their failure to remove his name from the SOR, his claims still fail because Defendants are entitled to quasi-judicial immunity. Again, all of Plaintiff's allegations against Defendant Droke pertain to her actions while she was performing quasi-judicial functions as his probation officer. Likewise, Defendant Garcia, as Defendant Droke's supervisor, monitored and assisted Defendant Droke in her supervision of Plaintiff. [Doc. 2 at PageID #18–19]. "Here, the probation officers were performing a judicial function when they determined that [Plaintiff] had violated the terms of his probation." *Huffer v. Bogen*, 503 Fed. Appx. 455, 461 (6th Cir. 2012). All of the other actions that Defendants are alleged to have taken are in connection with their roles as probation officers who were monitoring Plaintiff and advocating for a judgment that he violated his SOR requirements. The Court, therefore, finds that Defendants are entitled to quasi-judicial immunity irrespective of how Plaintiff's claim is construed.

Accordingly, Plaintiff has failed to state a claim against Defendants for a due process violation.

### D. Fourth Objection: Leave to Amend

Finally, Plaintiff requests leave to amend his Complaint to cure any deficiencies if the Court finds dismissal appropriate. [Doc. 8 at 12–13]. Federal Rule of Civil Procedure 15(a)(2) requires leave to amend be freely given "when justice so requires." This analysis requires the Court to consider undue delay in filing, lack of notice to the opposing party, bad faith by the movant,

failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment to a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F. 3d 803, 817 (6th Cir. 2005).

Here, permitting Plaintiff to amend his Complaint would be futile because any amendment would not alter the immunity analysis underlying dismissal. *Swoope v. Bradley-Baskin*, No. 2:26-cv-10099, 2026 U.S. Dist. LEXIS 206255, at *3–4 (E.D. Mich. Sept. 11, 2026) (citing *Levon v. Marlborough Ests., LLC*, No. 11-15663, 2012 U.S. Dist. LEXIS 111157, 2012 WL 3241321, at *1 (E.D. Mich. Aug. 8, 2012) (adopting the R&R, granting the defendants' motion to dismiss, and denying as futile the plaintiff's motion for leave to amend the complaint)). The gravamen of Plaintiff's claims are based on actions taken by Defendants in their capacities as probation officers performing quasi-judicial functions. Because Plaintiff's claims derive out of Defendants' alleged "unlawful actions" with respect to his arrest and detention for violating the requirements of his SOR, no amendment will cure the fact that Defendants are entitled to quasi-judicial immunity in this case.

Accordingly, Plaintiff's request for leave to amend is **DENIED**.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Objections [Doc. 8] are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Dumitru's Report and Recommendation [Doc. 7]. Plaintiff's Complaint is hereby **DISMISSED** and Plaintiff's IFP Application [Doc. 1] is **DENIED AS MOOT** with no filing fee assessed.

**A SEPARATE JUDGMENT WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**